IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| BOLLING PRESCRIPTION LAB, INC., d/b/a ROSELAND PHARMACY, individually and as the representative of a class of similarly-situated persons, | ) ) ) ) ) ) | |
| Plaintiff, | ) ) | No. 17 CV 1485 |
| v. | ) ) | Hon. Manish S. Shah |
| ADELPHIA SUPPLY USA, INC., YUDAH NEUMAN, REUVEN SOBEL, and JOHN DOES 1-10, | ) ) ) ) | |
| Defendants. | | |

## PLAINTIFF'S MOTION FOR PROVE-UP AND FINAL JUDGMENT

NOW COMES plaintiff, Bolling Prescription Lab, Inc. d/b/a Roseland Pharmacy ("Plaintiff"), by and through the undersigned attorneys, submits this Motion for Prove-Up and Final Judgment pursuant to Rules 55 and 58 of the Federal Rules of Civil Procedure against Defendants Adelphia Supply USA, Inc. ("Adelphia"), Yudah Neuman ("Neuman"), and Reuvan Sobel ("Sobel") (collectively "Defendants"), jointly and severally, and in Plaintiff's favor. Additionally, Plaintiff requests that the Court enter an order enjoining Defendants from further transmitting unsolicited facsimile

advertisements into the state of Illinois. In support of this motion, Plaintiff states as follows:

## BACKGROUND

1.  On February 27, 2017, Plaintiff filed this action against Defendants to secure redress for Defendants' transmission of unsolicited advertisements to telephone facsimile machines to Plaintiff, and others, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") and the common law of conversion. ECF 1.

2.  On June 6, 2017, Plaintiff filed an Amended Class Action Complaint stating the same claims as the original complaint. ECF 9.

3.  All three Defendants have been served in this action and none of the Defendants have filed a responsive pleading, nor filed an appearance or otherwise communicated with Plaintiff or its counsel within the twenty-one day period provided by Fed. R. Civ. P. 12.

4.  On August 3, 2017, this Court entered an order of default as to all three Defendants and granted Plaintiff leave to move for prove up of damages and final judgment. ECF 16.

5.  Plaintiff seeks entry of a final judgment against Defendants in the amount of $42,000.00 in statutory damages pursuant to the

TCPA.

6. For an itemization of damages, attached as <u>Exhibit 1</u> is the Declaration of Tod A. Lewis.

7. Attached as <u>Exhibits A-BB</u> to the Declaration of Tod A Lewis are the subject faxes. *See also* ECF 9-1 to 9-28.

## JURISDICTION AND VENUE

8. Plaintiff is an independent pharmacy located in Chicago, Cook County, Illinois. ECF 9 ¶ 8.

9. Adelphia is a New York corporation with its principal place of business in Brooklyn, Kings County, New York. *Id.* ¶ 9. Upon information and belief, Adelphia was dissolved on June 29, 2016. *Id.*

10. Sobel is an individual and resident of New York. *Id.* ¶ 10.

11. Neuman is an individual and resident of New York. *Id.* ¶ 11.

12. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 as Plaintiff's claims arise under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. *Id.*, ¶ 12.

13. Personal jurisdiction exists over Defendants in Illinois because Defendants have transacted business and committed tortious acts within the State. *Id.*, ¶¶ 13, 15-29.

14. Venue is proper in the Northern District of Illinois because Defendants sent an unsolicited fax advertisement to Plaintiff in this district. *Id.*, ¶¶ 7, 15-29.

## DAMAGES

15. The TCPA, 47 U.S.C. § 227(b)(1), prohibits the "use [of] any telephone facsimile machine … to send an unsolicited advertisement to a telephone facsimile machine."

16. Defendants sent 28 junk faxes to Plaintiff for which Plaintiff seeks recovery under the TCPA. Exhibit 1, ¶ 4.

17. True and correct copies of the faxes received by Plaintiff between September 1, 2016 and February 24, 2017 are attached to the Declaration as Exhibits A-BB. *See also* ECF 9-1 to 9-28.

18. A person or entity may bring "an action to recover for actual monetary loss for such violation, or to receive $500 in damages for each such violation, whichever is greater." 47 U.S.C. § 227(b)(3)(B).

19. Furthermore, 47 U.S.C. § 227(b)(3) provides that: "[i]f the Court finds that the defendant willfully or knowingly violated this subscription or the regulations proscribed under this subsection, the court may, in its discretion, increase the amount of the award to an

4

amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph."

20. The Communications Act of 1943—of which the TCPA is a part— has clarified the meaning of the term "willful" when determining administrative sanctions. 47 U.S.C. § 312 (f) ("'willful' ... means the conscious and deliberate commission or omission of such act, irrespective of any intent to violate" the Act or Commission rules). Thus, consistent with congressional intent, Commission interpretations of "willful" do not require intent to engage in a violation.

21. Defendants did not send the faxes accidentally. Therefore Defendants sent the fax advertisements to Plaintiff willfully or knowingly and thus trebling is appropriate. Exhibit 1, ¶ 5.

22. As a result, Plaintiff is entitled to recover $1,500.00 for each of the 28 junk faxes Defendants sent them, a total of $42,000.00 for violating the TCPA.

## INJUNCTION

23. The TCPA also expressly permits injunctive relief. 47 U.S.C.A. § 227 (b)(3)(a) ("A person or entity may . . . bring in an appropriate court of that State . . . an action based on a violation of this

5

subsection . . . to enjoin such violation.").

24. The Court should enter an injunction prohibiting Defendants from sending unsolicited faxed advertisements to Illinois consumers pursuant to the TCPA.

25. Plaintiff will submit a proposed order of final judgment to Proposed_Order_Shah@ilnd.uscourts.gov.

WHEREFORE, Plaintiff respectfully requests that the Court enter an order of final judgment against defendants Adelphia Supply USA, Inc. ("Adelphia"), Yudah Neuman ("Neuman"), and Reuvan Sobel ("Sobel"), jointly and severally, and in Plaintiff's favor, in the total amount of $42,000.00; enter an order enjoining Defendants from sending advertisements by facsimile without prior express invitation or permission and without a statutorily-compliant opt-out notice; and award any and all other appropriate relief.

Dated: February 9, 2018

Respectfully submitted,

BOLLING PRESCRIPTION LAB, INC., d/b/a ROSELAND PHARMACY, individually and as the representative of a class of similarly-situated persons,

/s/ Tod A. Lewis
*One of its attorneys*

Tod A. Lewis (Atty # 6256282)
Bock, Hatch, Lewis & Oppenheim, LLC
134 N. La Salle St., Ste. 1000
Chicago, IL 60602
Telephone: 312-658-5500
Facsimile: 312-658-5555
Tod@classlawyers.com

## CERTIFICATE OF SERVICE

I hereby certify that, on February 9, 2018, I caused the foregoing to be filed using the Court's CM/ECF system, on the parties listed below by depositing the same in the U.S. mail at 134 N. La Salle St., IL 60602 with proper postage prepaid to the following addresses:

/s/ Tod A. Lewis